UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 16-cr-00228-02 |
| VERSUS | JUDGE HICKS |
| JAMES MARVIN BOWMAN, JR. | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

**Introduction**

Defendant James Bowman ("Bowman") and three other individuals are charged with conspiracy to distribute cocaine, distribution of cocaine, unlawful use of a communication facility, and possession with intent to distribute cocaine. Before the court are Bowman's Motion to Suppress Statements Made on Wiretap Recordings (Doc. 49) and Motion to Suppress Physical Evidence (Doc. 50). For the reasons that follow, it is recommended that both motions be denied.

**Background Information**

In December 2015, DEA agents developed a confidential source ("CS") who was familiar with the drug trafficking activities of co-defendant Rufus Thomas ("Thomas"). The CS provided information regarding Thomas's residence and his source of supply (later identified as Bowman). The CS also informed DEA that Bowman would be visiting Thomas's residence on a particular date and time.

The DEA set up surveillance at Thomas's residence. The agents also arranged for a traffic stop to identify the occupants of a vehicle located at Thomas's residence after it left the residence. The driver was identified as Bowman and the passenger was identified as co-defendant Antonio Reynolds ("Reynolds").

The DEA made arrangements for the CS to introduce an undercover agent ("UC") to Thomas. The CS organized a cocaine transaction, and the CS brought the UC to Thomas's residence to make a purchase from Thomas. However, Bowman arrived unexpectedly, and Bowman made the sale to the UC. The UC purchase, controlled telephone calls through the CS, pen registers, and other information led the Government to apply for a Title III wiretap for phone number XXX-XXX-9744 used by Thomas. Bowman was named as a target subject. The wiretap application was authorized by Judge Foote for a 30-day period.

Based on the content of the intercepted telephone calls on Thomas's telephone, including calls between Thomas and Bowman, the Government applied for a 30-day extension of the wiretap. The Government also submitted an application for a Title III wiretap for XXX-XXX-5691, a number used by Bowman. Judge Foote approved the extension and the second wiretap application.

The DEA later learned that Bowman was also using telephone number XXX-XXX-9770 to further his drug trafficking. The Government requested a third wiretap, and Judge Foote approved the application.

As a result of the three wiretaps, together with the agents' surveillance and other investigative techniques, the agents obtained search warrants for several residences in the

Shreveport area, including 3206 Boss Street. Those warrants resulted in the seizure of a large amount of cocaine.

**Bowman's Motions to Suppress**

Bowman's Motion to Suppress Statements Made on Wiretap Recordings (Doc. 49) essentially argues that the three wiretap orders were illegally granted in violation of 18 U.S.C. § 2518. Specifically, Bowman contends that the supporting affidavits do not meet the necessity requirement in that they do not explain why the objectives of the investigation could not be obtained by alternate means.

The sole argument in Bowman's Motion to Suppress Physical Evidence (Doc. 50) is that there was no probable cause to support the search warrant application for the home on 3206 Boss Street.

None of the other defendants have joined in Bowman's motions or filed their own motions to suppress.

**Law and Analysis**

    **A. The Wiretaps**

Wiretap applications must comply with the procedures outlined in 18 U.S.C. § 2518. The statute provides that an application for authorization to intercept wire communications shall include "a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous." Courts refer to that requirement as the "necessity requirement," which is designed to ensure that wiretapping is not resorted to in a situation

in which traditional investigative techniques will suffice to expose the crime. United States v. Butler, 477 Fed. Appx. 217, 219-20 (5th Cir. 2012).

To meet the necessity requirement, it is enough if the affidavit explains the prospective or retrospective failure of several investigative techniques that reasonably suggest themselves. Id. Indeed, the Fifth Circuit has repeatedly upheld the issuance of a wiretap authorization where the Government sought to expand its investigation into the full scope of a criminal enterprise, and traditional investigative techniques, though productive of some evidence, could not reveal that scope. United States v. Signoretto, 535 Fed. Appx. 336, 340 (5th Cir. 2013).

In each of the three voluminous affidavits submitted by DEA agent Paul Hursey, the Government outlined the various methods that already had been tried or used in the investigation and the other methods that, in Agent Hursey's opinion, could not be used with success. The affidavits provide specific details of the techniques used, such as controlled telephone calls, controlled buys through informants, controlled buys through undercover agents, and meetings between informants and Thomas.

Agent Hursey also explained why other investigative techniques could not be used or were too dangerous. For example, Agent Hursey explained that no informant was able to buy cocaine from Anthony Haywood, nor could any informant provide the sources of supply for Anthony Haywood. The agents did not know where Anthony Haywood lived, and the area around Thomas's residence was a high-crime, high-foot traffic area. Therefore, pole cameras or trash pulls could not be used without exposing the investigation. *Despite all of their prior*

*efforts, the agents were unable to determine Bowman or Anthony Haywood's source of supply or the methods they used to transport cocaine and other drugs into this area.*

The undersigned finds that Agent Hursey's affidavits meet the necessity requirement for the three wiretaps. Without all of the wiretaps, the Government would never have been able to identify the sources of supply and the identity of all of the members of the conspiracy. The wiretaps were not merely helpful to the Government's investigation; they were essential.

### B. Motion to Suppress Physical Evidence

Bowman argues that the search warrant for 3206 Boss Street was not supported by probable cause. The undersigned disagrees. The affidavit in support of the search warrant established that Thomas told the CS that Bowman brought multiple kilograms of cocaine with him when he came to Shreveport, and he stayed with Summer Heard at the 3206 Boss Street residence. The affidavit provided that a CI organized a transaction with Thomas, and immediately after the transaction was organized, Bowman traveled from 3206 Boss Street to Thomas's house, where Bowman removed the cocaine from his pocket. The affidavit also establishes that co-defendant Brandon Johnson made a delivery of drugs to Bowman at 3206 Boss Street.

Probable cause means a fair probability that contraband or evidence of a crime will be found in a particular place. Based on the information set forth in the affidavit, there was probable cause to believe that drugs were being located or stored at 3206 Boss Street.

**Conclusion**

Based on the foregoing, it is recommended that Bowman's Motions to Suppress (Docs. 49 and 50) be denied.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Crim. P. 59(b)(2), parties aggrieved by this recommendation have **fourteen (14) days** from the date of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 45(b). A party may respond to another party's objections within **fourteen (14) days** from the filing of the objections. Counsel are directed to furnish a paper courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file timely written objections to the proposed findings, conclusions and recommendation set forth above shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED at Shreveport, Louisiana, this 24th day of February, 2017.



Mark L. Hornsby
U.S. Magistrate Judge