UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 16-00228-02 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| JAMES MARVIN BOWMAN, JR. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is Petitioner James Marvin Bowman's ("Bowman") Motion for Compassionate Release (Record Document 154). The Government has opposed Bowman's motion. See Record Document 158. Bowman filed reply briefs. See Record Documents 162-163.[1] For the reasons set forth below, Bowman's Motion for Compassionate Release is hereby **DENIED**.

**BACKGROUND**

On February 13, 2018, Bowman pled guilty before Magistrate Judge Hornsby to conspiracy to distribute 500 grams or more of cocaine. See Record Documents 129-130, 132. Magistrate Judge Hornsby issued a Report and Recommendation on the guilty plea, which was adopted by the undersigned on February 14, 2018. See Record Documents 133-134. Bowman was sentenced on June 14, 2018, to 84 months imprisonment, to run consecutive to a 36 month sentence ordered related to the revocation proceeding in Docket No. 5:18-CR-00089-01. See Record Documents 137-139. Bowman's

---

[1] In his November 1, 2021 filing, Bowman alleges that his constitutional rights are being violated by the prison staff in relation to his calculation of sentence and/or calculation for credit for participation in RDAP. See Record Document 163. Such issues are not properly raised in a compassionate release motion and will not be considered by the Court. Any challenge to the execution of his sentence should be raised by Bowman in a motion filed pursuant to 28 U.S.C. § 2241. If Bowman is alleging that prison officials have violated his constitutional rights, then he should file a Bivens civil action.

imprisonment shall be followed by five years of supervised release.  See Record Document 138.

Bowman is presently serving his sentence at Beaumont Low FCI.  His projected release date is December 4, 2023.

## LAW AND ANALYSIS

Bowman seeks compassionate release due to a body mass index greater than 30, diabetes, and high blood pressure.  See Record Document 154 at 2.  Bowman believes these conditions create a vulnerable medical state and present extraordinary and compelling reasons for compassionate release.  See id. at 2, 6.  He further notes that he has previously tested positive for COVID-19 and is currently listed by the Bureau of Prisons ("BOP"); yet, other inmates within the BOP's control listed as "recovered" have died due to COVID-19 complications.  Id. at 3.  He asks the Court to reduce his sentence to time served.  See id. at 8.

A judgment of conviction, including a sentence of imprisonment, "constitutes a final judgment and may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824, 130 S.Ct. 2683, 2690 (2010).  Title 18, United States Code, Section 3582(c) provides that the Court "may not modify a term of imprisonment once it has been imposed," except in three circumstances:

(1) upon a motion by the Bureau of Prisons or the defendant for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A);
(2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); or
(3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

In this case, Bowman moves to modify his sentence pursuant 18 U.S.C. § 3582(c)(1)(A).  Under this section, the Court may reduce a sentence "if it finds that extraordinary and

compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Prior to 2018, only the Director of the BOP could file Section 3582(c)(1)(A) motions, also known as compassionate release motions. In 2018, Congress passed, and President Trump signed the First Step Act, which among other actions, amended the compassionate release process. Under the First Step Act, Section 3852(c)(1)(A) now allows prisoners to directly petition courts for compassionate release. However, before filing compassionate release motions, prisoners must exhaust their administrative remedies in one of two ways:

(1) prisoners may file a motion with the court after fully exhausting all administrative rights to appeal the BOP's decision not to file a motion for compassionate release, or
(2) prisoners may file a motion with the court after requesting release and there has been "the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier."

18 U.S.C. § 3582(c)(1)(A). There is no dispute that Bowman has exhausted his administrative remedies and the Court will proceed to the merits.

Subject to considerations of 18 U.S.C. § 3553(a), Section 3582(c)(1)(A) permits a reduction in Bowman's term of imprisonment if the Court determines that extraordinary and compelling reasons warrant a reduction. The reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Previously, a district court was confined to the policy statements set forth in U.S.S.G. § 1B1.13 to determine whether a compelling reason existed to grant release. However, the Court of Appeals for the Fifth Circuit recently vacated this restricted examination finding that the policy statements contained under U.S.S.G. § 1B1.13 are

only binding on the Court when the motion for compassionate release is brought on the prisoner's behalf by the BOP.  See U.S. v. Shkambi, No. 20-40543, 2021 WL 1291609, at *3 (5th Cir. 04/07/2021).

The Fifth Circuit instructed that a district court considering a motion for compassionate release brought by the prisoner himself "is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)." Id. at *4.  Shkambi did not, however, render § 1B1.13 irrelevant with respect to defendant-filed motions under Section 3582(c)(1)(A), as the Fifth Circuit has long recognized that although not dispositive, the commentary to § 1B1.13 informs the district court's analysis as to what reasons may be sufficiently extraordinary and compelling to necessitate compassionate release.  See U.S. v. Robinson, No. 3:18-CR-00228-01, 2021 WL 1723542 (W.D. La. 04/30/2021), citing U.S. v. Thompson, 984 F.3d 431, 433 (5th Cir. 2021).  While not binding, § 1B1.13 suggests that the following are deemed extraordinary and compelling reasons warranting a sentence reduction: (1) the defendant's medical conditions; (2) the defendant's age; (3) family circumstances; or (4) other reasons.  See U.S.S.G. § 1B1.13, cmt. n.1; see also Thompson, 984 F.3d at 433.

"In general, the defendant has the burden to show circumstances meeting the test for compassionate release."  U.S. v. Stowe, No. H-11-803(1), 2019 WL 4673725 at *2 (S.D. Tex. Sept. 25, 2019); see also U.S. v. Ennis, No. EP-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release."); U.S. v. Wright, No. 16-214-04, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute.").  In certain instances, the

COVID-19 outbreak may affect whether an inmate can show extraordinary and compelling reasons warranting compassionate release under Section 3582(c)(1)(A)(i).  If an inmate has a chronic medical condition that has been identified by the Centers for Disease Control ("CDC") as elevating the inmate's risk of becoming seriously ill from COVID-19, that condition, in light of the pandemic, may rise to the level of "extraordinary and compelling reasons" under Section 3582(c)(1)(a). In other words, some conditions that would not have previously constituted an "extraordinary and compelling reason" now fall into this category because of the risk of COVID-19.

Again, Bowman argues his body mass index greater than 30, diabetes, and hypertension are extraordinary and compelling reasons for release.  These medical conditions do not amount to extraordinary and compelling reasons for Bowman's release. Even if the Court were to assume that Bowman's medical conditions may make him more susceptible to a severe illness should he contract COVID-19, this does not constitute extraordinary and compelling reasons warranting release because Bowman was offered to be administered the Pfizer vaccine on March 31, 2021, but refused.  See Record Document 159 at 16.  Bowman "cannot refuse the vaccine to prevent against COVID-19 on the one hand and then argue for compassionate release because he faces an increased risk of severe illness or death should he contract COVID-19 on the other hand." U.S. v. Pruitt, No. 3:14-CR-0384-B-1, 2021 WL 1222155, at *3 (N.D. Tex. Apr. 1, 2021), citing U.S. v. Walker, No. 3:15-CR-170-N (N.D. Tex. Feb. 9, 2021), ECF No. 154, at 5 ("Like many other federal courts, this Court is not inclined to find compelling circumstances for reducing [the defendant]'s sentence based on COVID-19 concerns when he has declined to take available precautions against infection."); see also U.S. v. Frazier, No. CR 16-148, 2021 WL 4948038, at *3 (E.D. La. Oct. 25, 2021) ("Moreover,

the Court finds that defendant's refusal of the COVID-19 vaccine weighs heavily against his argument that his susceptibility to the virus warrants compassionate release. . . . The Court finds that, defendant's refusal to take steps to mitigate his chances of becoming ill from COVID-19 further supports a finding that his case does not present extraordinary and compelling circumstances warranting his release.").

Notwithstanding, even if this Court were to find that Bowman had extraordinary and compelling reasons for compassionate release, granting such release in this case would not comport with the factors enumerated in Section 3553(a). See 18 U.S.C. § 3582(c)(1)(A). The facts and circumstances of the offense of conviction, i.e., conspiracy to distribute 500 grams or more of cocaine, and Bowman's history and characteristics, weigh heavily against release in this case. The Presentence Investigation Report ("PSR") demonstrates that Turner has a criminal history involving burglary, drug possession, and drug distribution. See Record Document 140 (PSR) at ¶¶ 29-32. His prior drug distribution conviction was for very similar conduct to the instant offense and he served a federal sentence. See id. at ¶ 32. He was on federal supervised release at the time of the instant offense. See id. at ¶ 34. It is this Court's belief that a reduced sentence in this case simply would not be just punishment, would not reflect the seriousness of the offense, would not promote respect for the law, would not afford adequate deterrence to criminal conduct, and would not protect the public from further crimes of this Defendant. A reduced sentence would also create disparity with respect to defendants with similar criminal records who have engaged in similar criminal conduct.

## CONCLUSION

Based on the foregoing reasons, Bowman's Motion for Compassionate Release (Record Document 154) be and is hereby **DENIED**.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 16th day of November, 2021.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT